UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ANTHONY P. KEYTER,        )
                                      )
                                      )     Case No. C12-0474RSL
                       Plaintiff, )
             v.                           )
                                      )     ORDER TO SHOW CAUSE
THE BOEING COMPANY,       )
                                      )
                       Defendant. )
_____)

         This matter comes before the Court *sua sponte*. On March 19, 2012, plaintiff, proceeding *pro se*, filed suit against The Boeing Company alleging violations of Section 1983 of the Civil Rights Act of 1964, 42 U.S.C. § 1983. Plaintiff alleges that his employment with Boeing was terminated in retaliation for his efforts to expose "an extensive criminal endeavor operating with impunity within the Boeing Company" and its "business associate, Air India." Dkt. # 1 at 3-4. Although the caption of the complaint identifies only Boeing as a defendant, it is clear from the text that plaintiff intends to sue all Boeing employees, managers, directors, and executives who were in any way connected with the decision to terminate his employment or who, upon receiving notice of the allegedly unlawful termination, failed to take steps to reinstate plaintiff.

         Plaintiff is well-known in this and other federal district courts around the country. Since his divorce in 2000, plaintiff has used litigation in an attempt to correct what he believes to have been the illegal seizure of his assets and income in the dissolution proceeding. His direct

ORDER TO SHOW CAUSE

appeal and motions for relief in state court were denied, and plaintiff sought assistance from government officials and the federal courts. Persons to whom plaintiff appealed for help (including former President George W. Bush) were invariably added to the ever-growing and ever-changing lists of defendants under the theory that they must be part of a conspiracy to cover-up of the illegal asset seizure and/or are obstructing justice. Plaintiff accuses the named defendants of various crimes and, in addition to damages, seeks to prod a criminal investigation and/or initiate criminal charges against the defendants. Despite being repeatedly told that private citizens cannot enforce criminal statutes and that federal courts will not reevaluate the propriety of the dissolution order, plaintiff continues to assert that the property division involved criminal conduct, that there is a systemic conspiracy to cover up the crimes, and that the courts must investigate or prosecute anyone he deems insufficiently sympathetic to his claims.

In May 2005, United States District Judge Charles C. Lovell, sitting by designation in this district, found that plaintiff's then-pending complaint against 230 government officials (and 51 additional officials whom plaintiff attempted to add as necessary parties) was frivolous and that its prosecution constituted an abuse of the court system. Keyter v. 230 Government Officers, C04-5867CCL (W.D. Wash. May 20, 2005) (Dkt. # 56 at 20). Judge Lovell issued an order barring plaintiff from suing these 281 individuals on any claims arising out of his dissolution proceedings. Id. at 21. In 2008, plaintiff filed another complaint asserting the same type of claims that had been considered by Judge Lovell, but with two distinctions: (1) plaintiff chose federal, rather than state, officials as defendants (including President George W. Bush and all members of the 110th Congress) and (2) plaintiff alleged that President Bush had sent assassins to kill plaintiff because of his previous allegations of wrongdoing leveled against the President. The 2008 complaint did not fall squarely within the bar order issued by Judge Lovell, but the gravamen of the two complaints were the same in that both suits arose out of "the perceived injustices in Keyter's divorce." Keyter v. U.S.A., C08-5235RBL (W.D. Wash. May 13, 2008) (Dkt. # 13 at 2). United States District Judge Ronald B. Leighton dismissed the case

and barred plaintiff "from filing in this Court any action which arises from his previous divorce and plaintiff's resulting actions to remedy the alleged injustices." Id. at 3.

In 2009, plaintiff filed lawsuits against The Boeing Company, Air India, and Ford Motor Company (C09-0962RAJ, C09-0825RAJ, and C09-0897RAJ respectively) in which he alleged that defendants had conspired with federal government officials (including the President) to kidnap and murder plaintiff. Why the President of the United States and three multi-national corporations would want to kill plaintiff was unexplained: plaintiff simply stated that he had evidence supporting his extraordinary allegations which he would reveal after the court appointed an investigator. United States District Judge Richard A. Jones recognized that the expanded allegations regarding kidnapping and murder were a few steps removed from plaintiff's standard complaints regarding the miscarriage of justice in his dissolution proceeding, but nevertheless found that dismissal was appropriate under the bar order issued by Judge Leighton:

> Without the allegations that are the subject of the Bar Order, the new material in the instant suits amounts to a wholly implausible allegation that three corporations were involved in a plot to kidnap and murder him for no reason. . . . The Bar Order was intended to prevent further use of judicial resources to address wholly implausible allegations, and the court holds that Plaintiff cannot avoid the Bar Order simply by adding additional implausible allegations against non-governmental entities to supplement his previous implausible allegations against government officials.

Keyter v. The Boeing Co., C09-962RAJ (W.D. Wash. Aug. 3, 2009) (Dkt. # 14 at 3-4). Judge Jones also found that plaintiff continued to abuse the legal process by filing *ex parte* motions and seeking forms of relief that had already been denied. Id. at 4.

This current case appears to be nothing more than the next generation of plaintiff's claim arising from the 2000 dissolution proceeding. Plaintiff alleges that when his employer, The Boeing Company, learned that he had accused it and Air India of criminal wrongdoing

ORDER TO SHOW CAUSE                -3-

(presumably referring to two of the three cases dismissed by Judge Jones),[1] it terminated his employment in retaliation. Plaintiff's complaint is subject to dismissal on at least three grounds.

First, the activity which apparently gave rise to plaintiff's termination – namely, complaining about Boeing's participation in an extensive criminal endeavor designed to cover up the injustices of his divorce decree – is far from protected. Rather, those very complaints have been summarily dismissed and are now barred from consideration by the courts. The federal courts have uniformly rejected plaintiff's challenges to the divorce decree for lack of jurisdiction and his accusations regarding cover ups and conspiracies as wholly implausible. Plaintiff's repeated attempts to hold someone, anyone, liable for the property distribution, for failing to correct the property distribution, and/or for taking action against plaintiff for bringing these meritless claims constitute an abuse of the legal process. Neither the courts nor the public have any interest in "protecting" plaintiff's abusive litigation tactics. Plaintiff cannot wrap himself in the robes of a whistleblower by continuing to make legally defective and judicially precluded complaints.

Second, pursuant to the analyses of <u>Keyter v. 230 Government Officers</u>, C04-5867CCL (W.D. Wash. May 20, 2005) (Dkt. # 56), <u>Keyter v. U.S.A.</u>, C08-5235RBL (W.D. Wash. May 13, 2008) (Dkt. # 13), and <u>Keyter v. The Boeing Co.</u>, C09-962RAJ (W.D. Wash. Aug. 3, 2009) (Dkt. # 14), this action is subject to summary dismissal.

Third, plaintiff's complaint fails to state a claim upon which relief can be granted. Recovery under Section 1983 requires plaintiff to show that defendant deprived him of a

---

[1] As was the case in his previous action against The Boeing Company, plaintiff does not provide any details regarding the "extensive criminal endeavor" in which both Boeing and Air India are engaged. Plaintiff cannot, however, escape the strictures of the existing bar orders so easily. By refusing to provide factual allegations that could support his bare accusations of misconduct, crimes, and conspiracies, plaintiff has failed to make his claims plausible. If, as appears to be the case, his dispute with Boeing has at its base the 2000 dissolution proceedings and plaintiff's various attempts to seek a remedy, the bar orders apply.

constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This element of a § 1983 claim requires that plaintiff show that defendant acted "under color of law." See, e.g., Monroe v. Pape, 365 U.S. 167, 184, 187 (1961); United States v. Price, 383 U.S. 787, 793, 794 (1966). The allegations of plaintiff's complaint do not suggest that Boeing, a private party, was acting as or in concert with a state actor when it terminated plaintiff's employment. Thus, plaintiff's complaint does not state a claim upon which relief can be granted.

For all of the foregoing reasons, plaintiff shall, within twenty-eight (28) days of the date of this order, SHOW CAUSE why the Court should not summarily dismiss his complaint. Failure to timely and adequately respond will result in the dismissal of plaintiff's claims. Plaintiff shall also show cause why he should not be sanctioned $150 for abusing the legal process by continuing to pursue claims arising out of the 2000 property distribution, the failure to correct the property distribution, and/or the negative actions taken against plaintiff for bringing his many meritless suits. The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, May 4, 2012.

Dated this 29th day of March, 2012.

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE                   -5-