UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ANTHONY P. KEYTER,

                Plaintiff,

    v.

THE BOEING COMPANY,

                Defendant.
_____

Case No. C12-0474RSL

ORDER DENYING REQUEST FOR
RECUSAL AND REFERRING CASE

On March 29, 2012, the Court ordered plaintiff to show cause (a) why the Court should not summarily dismiss his complaint and (b) why he should not be sanctioned $150 for abusing the legal process. Between the issuance of the Order to Show Cause and today, plaintiff has filed:

- an amended complaint adding individual Boeing employees, officers, and directors as defendants (Dkt. # 5);
- a motion to compel Boeing's compliance with various securities regulations (Dkt. # 6);
- a compact disc entitled "The Dossier of Crimes" (filed as an attachment to Dkt. # 6);
- a motion to arrest the individual defendants for obstruction of justice and/or collusion (Dkt. # 7);
- a criminal complaint and "affidavit of complaining witness" against the individual defendants (Dkt. # 8);

- a request that the undersigned recuse himself from this matter (Dkt. # 9);
- a response to the Order to Show Cause (Dkt. # 10);
- a criminal complaint and "affidavit of complaining witness" against the undersigned (Dkt. # 11);
- a "public safety warning" regarding the suppression of flight safety warnings by Boeing (Dkt. # 12);
- a criminal complaint and "affidavit of complaining witness" charging certain Boeing and Air India representatives and former President George W. Bush with murder (Dkt. # 13);
- a record of plaintiff's recent correspondence with various federal officials, including President Barack Obama (Dkt. # 14);
- a motion for default judgment against The Boeing Company (Dkt. # 15);
- a document purporting to amend plaintiff's complaint to add a claim under 42 U.S.C. § 1985[1];
- a praecipe for issuance of summons (Dkt. # 19); and
- a response to counsels' appearance on behalf of The Boeing Company (Dkt. # 21).

Plaintiff's request that the undersigned recuse himself should be considered before his other submissions. Plaintiff "believes that he cannot have a fair and impartial hearing before Judge Lasnik" because (a) the undersigned is "a named co-conspirator in the subversive criminal conspiracy" at issue in this litigation and (b) the undersigned is a "co-defendant with senior Boeing Officials in several pending (but obstructed) criminal cases in the Federal Courts." Dkt. # 9 at 2. In other filings, plaintiff asserts that the undersigned intentionally misconstrued his original complaint, displaying "malevolence and dishonesty" toward plaintiff. Dkt. # 10 at 5.

---

[1] It is not clear whether plaintiff intends to replace his original § 1983 claim with a § 1985 claim or whether he intends to pursue both claims.

ORDER DENYING REQUEST FOR
RECUSAL AND REFERRING CASE                -2-

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).

In order to protect the integrity of the judicial process, there are certain circumstances in which recusal is not appropriate. First, a litigant cannot use the recusal process to remove a judge based on adverse rulings in the pending case. Decisions made on the basis of the pleadings and papers submitted and/or the conduct of the parties while litigating the pending action cannot justify recusal even when they are clearly adverse: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Second, a judge is not automatically disqualified under either 28 U.S.C. § 455 or 28 U.S.C. § 144 merely because a litigant sues or threatens to sue him. United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977), cert. denied, 435 U.S. 954 (1978). Otherwise a disgruntled litigant could "shop" for a judicial officer who is

more sympathetic to his claims simply by suing any judge who disagrees with him. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).[2]

Plaintiff has not identified any extrajudicial source of the alleged prejudice. The only evidence of bias suggested by plaintiff are the facts that the undersigned has ruled against him in the course of this litigation and that plaintiff has accused the undersigned of wrongdoing in this and other actions pending in federal court. These circumstances, considered separately or together, do not warrant recusal.

The Court's order to show cause was a reasonable and measured response to the conclusory allegations contained in plaintiff's original complaint. The Court did not simply dismiss the complaint, but rather provided plaintiff an opportunity to explain how his claims differ from those that have been barred. The adequacy of plaintiff's response will be considered when this request for recusal has been resolved. Plaintiff has not shown that the pre-service review of his complaint was procedurally improper or that providing plaintiff with an opportunity to explain the nature of his claims was somehow erroneous. There is simply no basis for plaintiff's apparent assumption that the issuance of an order to show cause suggests an underlying bias or prejudice.

Following the issuance of the order to show cause, plaintiff filed a "criminal complaint" against the undersigned. Plaintiff has apparently concluded that the only reason the undersigned would question the adequacy of his original complaint is because the undersigned is part of the "virulent subversive conspiracy" alleged against Boeing and its employees. As was noted in the order to show cause, plaintiff has in the past assumed that anyone who disagrees with him or fails to provide the relief requested must be in league with defendants. That pattern

---

[2] Objections to an adverse decision must be raised through a motion for reconsideration or on appeal, not through a motion to recuse.

is repeated here. The assumption is not justified by facts or logic, however. Plaintiff offers no facts suggesting that the undersigned had any prior knowledge of the circumstances giving rise to plaintiff's complaint or that he entered into an agreement of any kind with defendants. Plaintiff's conclusory claims of conspiracy flow directly from disagreements about the Court's ruling in this case. Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias. Nor is the undersigned aware of any subjective bias or prejudice against plaintiff or in favor of defendants.

The undersigned finds that his impartiality cannot reasonably be questioned despite the fact that (a) he has questioned the viability of plaintiff's claims in this matter and (b) plaintiff has accused the undersigned of wrongdoing. There being no evidence of bias or prejudice, the undersigned declines to recuse himself. Pursuant to Local General Rule 8(c), this matter is hereby referred to the Honorable Marsha J. Pechman for review.

Dated this 23rd day of May, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge