UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY P KEYTER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY,<br><br>    Defendant. | CASE NO. C12-474 RSL-MJP<br><br>ORDER ON MOTION TO RECUSE CHIEF JUDGE PECHMAN |

On May 23, 2012, U.S. District Judge Robert S. Lasnik issued an Order Denying Recusal and Referring Case, in which he declined Plaintiff's request to recuse himself and referred the matter (pursuant to Local General Rule 8(c)) to this Court.  Before this Court had an opportunity to review the matter and rule on the issue of Judge Lasnik's recusal, Plaintiff filed a plethora of new pleadings, including:

- Criminal Charges Filed Against Judges Lasnik and Pechman as Accessories to Murder (Dkt. No. 30); and

- Affidavit of Prejudice Against Chief Judge Marsha J. Pechman and All Other US District Court Judges Involved in the Seditious Conspiracy Underlying This Case (Dkt. No. 32)

Plaintiff's request that the undersigned recuse herself must be considered before this Court can act as the reviewing judge on his underlying request regarding Judge Lasnik. Plaintiff "believes that he cannot have a fair and impartial hearing before Judge Pechman or any other US District Court Judge who is a party to the case as co-conspirator in the same seditious conspiracy as the Defendants" in his pending civil litigation. Dkt. No. 32, Affidavit of Prejudice, p. 2.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

The Local General Rules of the Western District of Washington govern who the reviewing judge will be once the presiding judge is accused of bias or prejudice:

> Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this court is filed pursuant to 28 U.S.C. § 144, the clerk shall refer it to the chief judge. If the motion is directed at the chief judge, the clerk shall refer it to the next senior active judge.

Local General Rule 8(c).

A judge must recuse herself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993).

1  This is an objective inquiry regarding whether there is an appearance of bias, not whether
2  there is bias in fact.  Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United
3  States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States,
4  510 U.S. 540 (1994) (explaining the narrow bases for recusal).

5      In order to protect the integrity of the judicial process, there are certain
6  circumstances in which recusal is not appropriate.  First, a litigant cannot use the recusal
7  process to remove a judge based on adverse rulings in the pending case.  Decisions made
8  on the basis of the pleadings and papers submitted and/or the conduct of the parties while
9  litigating the pending action cannot justify recusal even when they are clearly adverse:
10 the alleged bias must result from an extrajudicial source.  United States v. Studley, 783
11 F.2d 934, 939 (9th Cir. 1986).  Second, a judge is not automatically disqualified under
12 either 28 U.S.C. § 455 or 28 U.S.C. § 144 merely because a litigant sues or threatens to
13 sue her.  United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992); United States v. Grismore,
14 564 F.2d 929, 933 (10th Cir. 1977), cert. denied, 435 U.S. 954 (1978).  Otherwise a
15 disgruntled litigant could "shop" for a judicial officer who is more sympathetic to his
16 claims simply by suing any judge who disagrees with him.  See Ex Parte American Steel
17 Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).

18     Plaintiff has not identified any extrajudicial source of the alleged prejudice.  The
19 basis for his rather vague allegations that this Court is "implicated in the subversion
20 against the United States and insurrection against its laws" (Affidavit at 3) can only
21 reasonably be assumed to be this Court's failure to rule in Plaintiff's favor in this case or
22 the multitude of previous cases he has filed in this district.
23
24

ORDER ON MOTION TO RECUSE CHIEF JUDGE
PECHMAN- 3

As noted above, Plaintiff has filed a "criminal complaint" against the undersigned. Plaintiff has apparently concluded that the only reason the undersigned would fail to rule in his favor is because this Court is part of the "virulent subversive conspiracy" alleged against Boeing and its employees. A review of the history of Plaintiff's pleadings reveals that he has, in the past, assumed that anyone who disagrees with him or fails to provide the relief requested must be in league with Defendants. His newest allegations are consistent with that pattern. The assumption is not justified by evidence or logic.

Plaintiff offers no facts suggesting that this Court had any prior knowledge of the circumstances giving rise to Plaintiff's complaint or that there was ever an agreement of any kind with Defendants, criminal, conspiratorial or otherwise. Plaintiff's conclusory claims of conspiracy flow directly from disagreements about rulings in this and previous cases. Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, Plaintiff has not met his burden of showing an appearance of bias. Nor is this Court aware of any subjective bias or prejudice against Plaintiff or in favor of Defendants.

The undersigned finds that her impartiality cannot reasonably be questioned despite the fact Plaintiff has accused this Court of wrongdoing and criminal misconduct. There being no evidence of bias or prejudice, the undersigned declines to recuse herself. Pursuant to Local General Rule 8(c), review of this matter is hereby referred to the next

senior active judge who is not named in Plaintiff's Affidavit of Prejudice, U.S. District Judge Benjamin Settle.

In the event that Judge Settle confirms this Court's conclusion that there is no bias or prejudice against Plaintiff, this Court will then turn to a review of Judge Lasnik's refusal to recuse himself pursuant to Plaintiff's request.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 8th day of June, 2012.

/s/ Marsha J. Pechman
Marsha J. Pechman
Chief United States District Judge