FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUN 29 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ANTHONY P. KEYTER,

    Plaintiff,

v.

THE BOEING COMPANY,

    Defendant.

NO. CV-12-0474-RHW

**ORDER DENYING REQUEST FOR RECUSAL**

Before the Court is Plaintiff's Affidavit of Prejudice Against Judge Robert S. Lasnik (ECF No. 9). On May 23, 2012, Judge Lasnik filed an Order Denying Request for Recusal and Referring Case (ECF No. 22). Pursuant to Local General Rule 8, a motion to recuse due to alleged bias or prejudice is referred to the chief judge. In the interests of justice, the motion was referred to this Court.

**A.    Legal Standards**

28 U.S.C. § 455 provides:

    (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
    (b) He shall also disqualify himself in the following circumstances:
        (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
        (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
        (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or

**ORDER DENYING REQUEST FOR RECUSAL ~ 1**

material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
    (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
    (ii) Is acting as a lawyer in the proceeding;
    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Additionally, 28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The standard for recusal under both provisions is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). To warrant recusal, judicial bias must stem from an extrajudicial source. *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Studley*, 783 F.2d at 939. Moreover, a judge is not disqualified merely because a litigant sues or threatens to sue him. *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981) ("Such an easy method for obtaining disqualification should not be encouraged or allowed."); *see also Liteky v. United States*, 114 S.Ct. 1147, 1157 (1994) (noting that litigants should not be able to obtain a recusal simply by bringing a meritless action against a judge).

**B.    The Affidavit**

In his Affidavit, Plaintiff asserts that Judge Lasnik is "a named- co-

conspirator in the subversive criminal conspiracy which has as objective to, by violence, obstruct the administration of the laws, to defeat the course of justice, to provide protection to known criminals, and to deny the American public and Plaintiff due process and protections of the law." ECF No. 9, p. 2. He also asserts that Judge Lasnik is a co-defendant with senior Boeing Officials in several pending, but obstructed criminal cases. *Id.* Plaintiff asserts that as a defendant in pending criminal proceedings, Judge Lasnik is not in good behavior and possesses no legal standing to adjudge the above-captioned case. *Id.* at 3.

### C. Plaintiff's Filings

Plaintiff is no stranger to litigation. In reviewing the docket for the Western District, the Court notes that Plaintiff has previously filed the following cases:

1. *Keyter v. Locke, et al.*, CV-04-5867-CCL
2. *Keyter v. Bush, et al.*, CV-08-5509-RBL[1]
3. *Keyter v. United States*, CV-08-5235-RBL
4. *Keyter v. Air India*, CV-09-825-RAJ
5. *Keyter v. Ford Motor Co.*, CV-09-897-RAJ
6. *Keyter v. Boeing Co.*, CV-09-962-RAJ

All of these cases have been dismissed and the appeal was either not prosecuted or the decision was upheld by the Ninth Circuit. In *Keyter v. United States*, Judge Leighton issued an order that barred Plaintiff from filing certain suits in the Western District (CV-08-5235-RBL, ECF No. 14). In the three cases filed in 2009, Judge Richard Jones warned Plaintiff that if he continued to make improper filings in those cases, he would be subject to an order to show case why the court should not impose monetary sanctions or other sanctions against him (CV-09-962-RAJ, ECF No. 14).

Notably, Judge Jones identified a common tactic that Plaintiff uses when

---

[1] This case was transferred in from the District of Delaware (ECF No. 26).

**ORDER DENYING REQUEST FOR RECUSAL ~ 3**

filing cases in federal court, that is, Plaintiff files an "Affidavit of Prejudice" against the judge assigned to the case. *Id.* at p. 4. In this case, Plaintiff filed an Affidavit of Prejudice against Judge Lasnik (ECF No. 9), Judge Pechman (ECF No. 32), and all judicial officials from the United States District Court for the Western District (ECF No. 36).

Judge Jones also identified Plaintiff's tactic of filing motions alleging criminal activity and requesting that the Court issue arrest warrants for various persons. (CV-09-062-RAJ, ECF No. 14, p. 4). Judge Jones noted that Plaintiff has been instructed several times that the Court does not institute criminal charges, does not appoint prosecutors, and does not effectuate arrests except in narrow circumstances that have not been present in any of the prior cases. *Id.* In this case, Plaintiff filed a Criminal Complaint against Judge Lasnik (ECF No. 11), Criminal Complaint asserting murder charges against Boeing Company Officials, Air India Officials, President G.W. Bush and Agents (ECF No. 13), Criminal Charges Filed Against Judge Lasnik and Pechman as Accessories to Murder (ECF No. 30), and an Amended Criminal Complaint asserting murder charges against Boeing Company Officials, Air India Officials, and President G.W. Bush and Agents (ECF No. 33).

Plaintiff has also filed four CDs that accompany his various filings (*See* ECF Nos. 6, 37 and 38. One of the CDs include a three volume Dossier of Crimes that was first compiled in January 17, 2003, and revised numerous times, the latest being June 15, 2011 (ECF No. 13). The Dossier purports to provide "details and *prima facie evidence* of untold contraventions of the criminal statutes by more than 15,000 conspirators." In Chapter 3, along with numerous other federal officials, Plaintiff identified members of the United States District Court for the Western District of Washington as criminal conspirators. This CD also contains documents regarding the dissolution proceedings in Pierce County Superior Court.

**ORDER DENYING REQUEST FOR RECUSAL ~ 4**

Another CD attached to the Motion to Compel contains presumably the same three-volume Dossier of Crimes as the other CD (ECF No. 6). Another CD attached to the Motion for Joinder contains the Motion, as well as Appendix 1, which lists the entities and individual criminal conspirators that Plaintiff wishes to join (ECF No. 37). Included in this list are the judges of the United States District Court for the Western District of Washington. The final CD appears to include copies of letters that were written to judges in the Western District of Washington and copies of court documents (ECF No. 27).

D.  **Analysis**

Plaintiff has not shown that a reasonable person with knowledge of all the facts would conclude that Judge Lasnik's impartiality might reasonably be questioned. There is nothing in the record that identifies any extrajudicial source of the alleged prejudice. The fact that Judge Lasnik has ruled against Plaintiff in the course of this litigation is not grounds for recusal. Nor is the fact that Plaintiff has accused Judge Lasnik of wrongdoing in this and other actions in other federal courts sufficient grounds for recusal. Moreover, Plaintiff has not identified any section 455(b) circumstances for recusal. He has not alleged or shown that Judge Lasnik had any prior knowledge of the circumstances giving rise to Plaintiff's complaint or that he entered into an agreement of any kind with the defendants.

While Plaintiff asserts that Judge Lasnik is a defendant in a pending criminal proceeding, there is nothing in the record to substantiate that claim. Plaintiff identified four cases in which Judge Lasnik was named as a defendant. Three of the four cases have been dismissed, and no action has been taken on the fourth case since March 10, 2010.[2] Moreover, it appears that the criminal

---

[2] *United States v. 443 Known Insurgents*, District of Colorado, CR-08-86-ZLW, dismissed on February 21, 2008 (ECF No. 3), affirmed by Tenth Circuit on June 4, 2008 (ECF No. 11); *In Re: International Terrorism Plot*, District of

**ORDER DENYING REQUEST FOR RECUSAL ~ 5**

proceedings that Plaintiff refers to are actually cases in which Plaintiff himself has attempted to bring criminal charges. Because private citizens cannot prosecute criminal actions,[3] such proceedings would never be the basis for a recusal action. Likewise, the fact that Plaintiff has attempted to include Judge Lasnik as a co-defendant in the proceedings is not a basis for recusal, especially when the evidence suggests that Plaintiff did so in order to disqualify Judge Lasnik.

Finally, the Court has reviewed Judge Lasnik's March 29, 2012 Order to Show Cause. It cannot find any evidence of any bias or prejudice on the part of Judge Lasnik.

In sum, there is nothing in the record to suggest even a hint of bias or prejudice on the part of Judge Lasnik. As such, recusal on the part of Judge Lasnik would not be proper. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (recognizing the general rule that "in the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'").

///
///
///
///
///
///

---

Delaware, CV-10-802, dismissed on October 21, 2010 (ECF No. 5); *In Re: Domestic Terrorism Plot*, District of Delaware, CV-10-36-SLR, dismissed on March 24, 2010 (ECF No. 10); *In Re: Terrorism Plot*, District of Rhode Island, CV-MC-10-36-S-DLM, (ECF No. 1).

[3]*See United States v. Nixon*, 418 U.S. 683, 693 (1974) (holding that a private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch).

**ORDER DENYING REQUEST FOR RECUSAL ~ 6**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Request for Recusal (ECF No. 9) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 29th day of June, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

**ORDER DENYING REQUEST FOR RECUSAL ~ 7**