UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                )
ANTHONY P. KEYTER,                              )
                                                )       Case No. C12-0474RSL
                          Plaintiff,            )
                                                )
        v.                                      )
                                                )       ORDER VACATING ORDER TO
THE BOEING COMPANY,                             )       SHOW CAUSE AND
                                                )       GRANTING LEAVE TO AMEND
                          Defendant.            )
_____)

        On March 29, 2012, the Court *sua sponte* issued an Order to Show Cause why the

above-captioned matter should not be summarily dismissed for three specified reasons.  Dkt. # 3.

Plaintiff immediately requested that the undersigned recuse himself.  Dkt. # 8.  The undersigned

declined (Dkt. # 22), but review of the denial under Local General Rule 8(c) was delayed when

plaintiff alleged that every judicial officer to whom the case was referred was part of an

underlying conspiracy (Dkt. # 27 and # 36).  The request for removal was ultimately resolved by

the Honorable Robert H. Whaley from the Eastern District of Washington, sitting by

designation.  Dkt. # 41.  Plaintiff's claims are again before this Court.[1]

---

[1]  Although plaintiff has filed a "Notice of Motion for Injunction" and requests that this Court
take no action in the above-captioned matter until his writ of mandamus is resolved by the Ninth Circuit
(Dkt. # 45), the Court sees no reason to stall the development of this case.  The recusal issues have
already been resolved by an out-of-district judge, and the Ninth Circuit may consider plaintiff's other
arguments while this case moves forward.  To the extent the "Notice of Motion for Injunction" (Dkt.
# 45) seeks relief from this Court, the motion is DENIED.

ORDER VACATING ORDER TO SHOW CAUSE
AND GRANTING LEAVE TO AMEND

Between the issuance of the Order to Show Cause and today, plaintiff has filed over thirty documents, including:

- a number of amended complaints and/or additions to his complaints (*e.g.*, Dkt. # 5 and # 24);

- a motion to compel defendant Boeing's compliance with various securities regulations (Dkt. # 6);

- a motion to arrest the individual defendants for obstruction of justice and/or collusion (Dkt. # 7);

- various criminal complaints against the individual defendants or the presiding judicial officers (*e.g.*, Dkt. # 8 and # 30);

- a response to the Order to Show Cause (Dkt. # 10);

- a "public safety warning" regarding the suppression of flight safety warnings by Boeing (Dkt. # 12);

- summaries of correspondence related to this and other cases (*e.g.*, Dkt. # 14 and # 25);

- a motion for default judgment (Dkt. # 15);

- various notices regarding alleged defects in defendants' filings and/or the Court's alleged obligations toward plaintiff (*e.g.*, Dkt. # 21 and # 26);

- a motion to join 15,000 additional defendants (Dkt. # 37); and

- a notice that this Court is enjoined from taking further action in this case (Dkt. # 45).

In the midst of all these filings, Boeing filed a motion to dismiss (Dkt. # 23) to which plaintiff responded (Dkt. # 35).

Having reviewed all of plaintiff's submissions in this matter (except the CDs), the Court finds that it misapprehended plaintiff's claims when it issued the Order to Show Cause on March 29, 2012.  Although not apparent from the initial complaint (or any subsequent iteration

ORDER VACATING ORDER TO SHOW CAUSE
AND GRANTING LEAVE TO AMEND            -2-

1  thereof), plaintiff's claims appear to be based on alleged wrongdoing that has nothing to do with

2  his 2000 divorce proceeding.  Rather, plaintiff asserts that, in the course of his employment with

3  Boeing, he became aware that some of Boeing's partners (particularly Air India) employed

4  faulty maintenance and/or training practices.  Although plaintiff informed his supervisors of the

5  problem, they failed to take action.  Ultimately an air disaster occurred resulting in the deaths of

6  158 people.  Plaintiff is apparently convinced that, had his warnings been heeded, the disaster

7  could have been averted, and he has accused Boeing and the individual defendants of the murder

8  of these 158 people.  This argument was apparently not welcomed by Boeing, which terminated

9  his employment.

10      In this context, plaintiff may be able to assert whistleblower/retaliation or public

11  policy claims.  Plaintiff has, however, so far either failed to allege those causes of action or has

12  failed to provide factual allegations that could support his bare accusations of misconduct,

13  crimes, and conspiracies.  His various complaints do not mention the air disaster, identify

14  specific statements he made that might be protected, or explain why he thinks his termination

15  was related to his alleged whistleblowing activities.  Rather, plaintiff makes vague statements

16  about an extensive criminal endeavor and virulent conspiracies without ever stating their object

17  or impact.

18      Plaintiff's response to the Order to Show Cause and other submissions (from

19  which the Court has gleaned the "facts" described above) cannot substitute for or supplement

20  his complaint:  he must file a single, concise statement of his claims setting forth the specific

21  facts giving rise to a plausible inference that the named defendants are liable to plaintiff for

22  money damages.  Plaintiff should not assume that the Court or defendants have any other

23  knowledge of his claims or history than what is contained in his amended complaint and may not

24  incorporate by reference submissions in other cases, "dossiers of crimes," or CDs.  The amended

25  complaint required by this order must be a stand-alone document.  Each allegation of fact must

26

ORDER VACATING ORDER TO SHOW CAUSE
AND GRANTING LEAVE TO AMEND          -3-

be separately set forth in the amended complaint and each defendant must be able to identify what he or she is supposed to have done that could give rise to liability to plaintiff. Conclusory allegations like "all defendants are liable for harm and loss caused by reckless disregard of their common law and statutory duties towards plaintiff" will be ignored unless supported by specific factual allegations from which the Court can determine each defendant's actions, the duties that were breached, and the impact of that breach on plaintiff.

In addition, plaintiff shall reevaluate his list of defendants and include in his amended complaint only those individuals who actually played a role in the events that allegedly caused him injury, *i.e.*, those who were involved in the retaliatory firing. The fact that an individual knew of another's wrongdoing or failed to correct that wrongdoing can give rise to legal liability only in certain circumstances, and plaintiff will be required to allege facts showing that those circumstances exist or risk dismissal of any and all claims against individuals who were not personally involved in his termination. Naming as defendants each and every person who heard plaintiff's story and yet declined to assist him is an abuse of the legal process absent some indication that the person had a duty to accept plaintiff's story as true and provide assistance.

Finally, plaintiff is advised that this Court has no power to investigate his allegations of criminal activity against Boeing, its employees, or its business partners. Nor does this Court – or plaintiff – have the power to indict or otherwise initiate a criminal action. To the extent plaintiff believes the Boeing Company is attempting to murder him or has threatened his safety in some way, he must seek the assistance of the local, state, or federal police forces. Requests for criminal investigations and/or indictments and accusations of criminal neglect or other malfeasance on the part of the undersigned will be ignored in the hopes of focusing this litigation on the civil causes of action that may actually be viable.

ORDER VACATING ORDER TO SHOW CAUSE
AND GRANTING LEAVE TO AMEND          -4-

1    For all of the foregoing reasons, the Order to Show Cause issued on March 29,

2    2012 (Dkt. # 3), is VACATED.  Plaintiff shall, within twenty-eight (28) days of the date of this

3    order, file a single, concise, amended complaint consistent with this Order that will be the sole

4    operative pleading in this action.  The Boeing Company's motion to dismiss (Dkt. # 23), which

5    addresses prior iterations of plaintiff's complaint, is DENIED as moot.  Plaintiff's pending

6    motions to compel compliance with securities regulations, for arrest or criminal proceedings, for

7    default judgment, for recusal/disqualification, and for joinder are DENIED.

8

9    Dated this 27th day of July, 2012.

10

11   Robert S. Lasnik
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER VACATING ORDER TO SHOW CAUSE
AND GRANTING LEAVE TO AMEND             -5-