UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
ANTHONY P. KEYTER,                      )
                                        )   Case No. C12-0474RSL
                    Plaintiff,          )
       v.                               )
                                        )   ORDER OF DISMISSAL
THE BOEING COMPANY,                     )
                                        )
                    Defendant.          )
_____)

This matter comes before the Court on plaintiff's "Amended Complaint Ordered by Court." Dkt. # 48. On July 27, 2012, the Court granted plaintiff leave to amend his complaint, identifying specific deficiencies in the prior pleading, requiring the submission of a single, concise, operative complaint, and providing information regarding the type of allegations that would be necessary to avoid dismissal. Having reviewed plaintiff's submission, the Court finds that plaintiff failed to comply with the July 27, 2012, order in the following respects:

(1) Plaintiff has not filed a single, concise statement of his claims setting forth the specific facts giving rise to a plausible inference that the named defendants are liable to plaintiff for money damages. Plaintiff's submission is 170 pages long and alleges acts on behalf of broad, undefined, and disparate groups such as "conspirators from the United States," "Boeing officials acting in collaboration with Air India officials," and "President Bush and agents." In addition, despite express instructions to the contrary, plaintiff incorporates a CD-rom which he describes as containing an additional 2000 pages of allegations.

ORDER OF DISMISSAL

(2) Plaintiff asserts that "defendants," presumably all 15,000+ of them, retaliated against plaintiff for bearing witness to a vaguely-described "series of criminal acts." Plaintiff's claims of an extensive criminal endeavor and a virulent conspiracy extending to every person who has ever heard his story remain vague, are implausible, and do not state a cause of action for which relief can be granted. Despite explicit instructions from the Court, the amended complaint does not allege acts or omissions on the part of the vast majority of the 15,000+ individuals listed in Section 7. Nor does the amended complaint show how the acts or omissions alleged could possibly give rise to a damage claim in favor of plaintiff.

(3) Plaintiff chose to ignore the Court's instruction to include as defendants in his amended complaint "only those individuals who actually played a role in the events that allegedly caused him injury, *i.e.*, those who were involved in the retaliatory firing." Nor has he shown that the 13,000 or so individuals to whom he complained had any obligation to accept his accusations as true or to provide assistance. The Court warned plaintiff that leveling accusations with no factual basis is an abuse of the legal process and finds that plaintiff's amended complaint constitutes such abuse.

(4) The judges of this district, including the undersigned, have repeatedly informed plaintiff that we have no power to investigate his allegations of criminal activity against Boeing, its employees, or its business partners or to initiate a criminal action. Plaintiff simply refuses to accept this fact and insists that, upon receiving a report of criminal activity, the district court must issue a warrant for arrest. He is, as a matter of law, incorrect. As a matter of procedure, even if the Court's determination were in error (which it is not), plaintiff's avenue for relief lies in an appeal to the Ninth Circuit, not the constant repetition of a rejected argument or claim.

For all of the foregoing reasons, the Court finds that plaintiff's Amended Complaint fails to comply with the Court's July 27, 2012, order, is an abuse of the legal process, and does not give rise to a plausible inference that the 15,000+ defendants are liable to plaintiff

ORDER OF DISMISSAL                -2-

1  for money damages.  The above-captioned matter is hereby DISMISSED.  The Boeing
2  Company's motion to dismiss (Dkt. # 50) and plaintiff's motion for emergency injunction (Dkt.
3  # 53) are DENIED as moot.  No further documents may be filed in this matter:  the Clerk of
4  Court is directed to strike any additional filings.  Plaintiff's sole avenue for redress now lies with
5  the Ninth Circuit Court of Appeals.

6

7         Dated this 20th day of September, 2012.

8
                                    /s/ Robert S. Lasnik
9                                   Robert S. Lasnik
                                    United States District Judge

ORDER OF DISMISSAL                    -3-